UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODNEY PERKINS,

                Plaintiff,

      -against-

KAMCO BUILDING SUPPLY,

                Defendant.

25-CV-4239 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who resides in San Antonio, Texas, brings this *pro se* action alleging that his former employer, Defendant Kamco Building Supply ("Kamco"), miscalculated his years of employment at Kamco, for the purposes of his pension.[1] The complaint indicates that Kamco is located in Brooklyn, Kings County, New York. The Court construes Plaintiff's allegations as asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

      Under the applicable venue provision for claims brought under ERISA, a civil action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

      Venue for this action does not appear to be proper in this district under ERISA's venue provision. While Plaintiff does not affirmatively state that his pension is administered in

---

[1] Plaintiff did not submit an *in forma pauperis* application or pay the fees to initiate this action.

Brooklyn, Kings County, assuming Kamco administers his pension, venue appears to be proper in the Eastern District of New York. *See* 28 U.S.C. § 112(c) (Kings County falls within the Eastern District of New York). Moreover, assuming Kamco calculated Plaintiff's years of employment, this calculation occurred in Brooklyn, where Kamco is located.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. Kamco is located in Kings County, within the Eastern District of New York, and the underlying events appear to have occurred in the Eastern District of New York. It is also reasonable to expect that all relevant documents and witnesses also would be located in the Eastern District of New York. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)

("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis*

status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 21, 2025
         New York, New York

       /s/ Laura Taylor Swain
       LAURA TAYLOR SWAIN
       Chief United States District Judge